**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Raymond J. Conroy, | No. CV-12-2593-PHX-FJM (DKD) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Charles L. Ryan, et al., | |
| Respondents. | |

TO THE HONORABLE FREDERICK J. MARTONE, U.S. DISTRICT JUDGE:

Raymond J. Conroy filed a timely Petition for Writ of Habeas Corpus on December 6, 2012, challenging his conviction, following a guilty plea, for one count of theft, and the trial court's imposition of a six-year presumptive prison term, to be served concurrently with the remainder of a sentence he was serving in another case. Conroy raises two grounds for habeas relief. In Ground One, he alleges that the police unlawfully seized and searched his vehicle in violation of his fourth amendment rights. In Ground Two, he maintains that trial counsel's erroneous advice that Conroy could still raise the fourth amendment claim in a Rule 32 proceeding even after pleading guilty caused him to enter into a plea agreement to which he otherwise would not have agreed. Respondents contend that Ground One is not reviewable in a federal habeas proceeding, and Ground Two is without merit. The Court agrees and recommends that the petition be denied and dismissed with prejudice.

# BACKGROUND

A police officer observed Conroy trespassing in an area of the Deer Valley Airport where "no trespassing" signs were posted, and an area that was not accessible to the public.   He was near a Phoenix Police Department helicopter, and was attempting to enter the helicopter (Doc. 1, Exh1, 2, R.T. 10/31/08, 11-15, 21-16).   The police officer eventually found him hiding, and arrested him for attempted unauthorized entry into the helicopter (*Id*. at 13-14, 26).   At the time of his arrest, Conroy was wearing a fire department jacket, and was carrying what looked like a police radio.   Conroy was not a law enforcement officer or a fire fighter (*Id*. at 24-27).

When Conroy was interviewed by police, the detective learned that Conroy had previously been convicted of dealing with stolen radios (*Id*. at 26).   He told police where he had parked his car at the airport, and the police located the vehicle and observed what appeared to be portable police radios inside the vehicle, visible from the outside (*Id*. at 17, 21-22).   The car was towed to the police department parking lot in order to conduct an inventory search (*Id*.).

Later, responding to two requests from Conroy to move his vehicle, and after informing Conroy that a relocation of his vehicle would require an inventory search, the police searched the vehicle (*Id*. at 23, 27-28, 34).   The police detective testified at the evidentiary hearing that he entered Conroy's vehicle "[t]o both collect what I believe to be with [sic] the evidence and also to inventory the vehicle," as required by police department policy (*Id*. at 22-23).   Inside the vehicle, the police discovered more radios that had distinguishable features that led the officer to believe they belonged to the fire department (*Id*. at 13, 22).   Although the officer had initially intended to inventory the vehicle, his discovery led him to believe that the radios were stolen (*Id*. at 30).

Conroy was indicted on one count of first-degree trafficking in stolen property and two counts of theft (Doc. 19, Exh A).   He filed a motion to suppress, contending that the police unlawfully seized and searched his vehicle in violation of his fourth amendment rights (*Id*., Exh E).   The trial court set an evidentiary hearing on the motion to suppress,

1    and conducted a *Donald*[1] Hearing in an attempt to settle the case, but the State and

2    Conroy did not reach a plea agreement at that time (*Id.*, Exh G, H).  At the evidentiary

3    hearing, the trial court dismissed the trafficking count, and following the presentation of

4    testimony and argument, denied Conroy's motion to suppress (*Id.*, Exh I-L).  Following a

5    second settlement conference, the State and Conroy again failed to reach an agreement;

6    six days later, they reached an agreement whereby Conroy would plead guilty to one

7    count of theft with a prior felony conviction, and the other theft count and sentencing-

8    enhancing allegations would be dismissed (*Id.*, Exh P-R).

9    Six weeks later, Conroy filed a request to proceed pro per, and counsel filed a

10   motion to withdraw upon learning that Conroy had filed a notice of claim against the

11   county and against counsel's supervisor (*Id.*, Exh S, T).  The trial court granted counsel's

12   motion to withdraw, and at a later status hearing, granted Conroy's waiver of counsel and

13   appointed advisory counsel (*Id.*, Exh V-Z).   Conroy subsequently filed a motion

14   requesting to withdraw from the plea agreement, citing grand jury irregularities and the

15   ineffective assistance of counsel.   Specifically, Conroy alleged that he involuntarily

16   entered into the plea agreement based on false statements made by trial counsel.  He

17   alleged that counsel had told him that he could still challenge the seizure and search of

18   his vehicle in a Rule 32 proceeding despite having entered into the plea agreement (*Id.*,

19   Exh AA).

20   Prior to sentencing, Conroy filed a notice of post-conviction relief.   Following

21   counsel's notice of completion of review, finding no claims for relief, Conroy filed a *pro*

22   *se* petition, raising three claims of ineffective assistance, again arguing that counsel

23   misled him.  In support of this claim, he attached a question-and-answer-sheet, in which

24   trial counsel indicated that Conroy would not waive his right to file a Rule 32 challenging

25   the denial of the motion to suppress by entering into the plea agreement (*Id.*, Exh TT).

26   Conroy argued that but for counsel's error, he would not have pleaded guilty, and the

27   

28   [1] *State v. Donald*, 198 Ariz. 406 (App. 2000).

court of appeals "more likely than not" would have reversed the trial court's denial of his motion to suppress (*Id*.).   The trial court concluded that Conroy's claim lacked merit because any confusion about Conroy's right to appeal the ruling on the motion to suppress was "cured by the plea agreement itself and the Court's plea colloquy" (*Id*., Exh WW at 2).   Conroy petitioned for review in the Arizona Court of Appeals, and sought leave to amend his petition with newly discovered evidence.   The court of appeals denied the motion, without prejudice to his filing another post-conviction petition in state court (*Id*., Exh AAA, BBB).   He filed another petition, which the trial court denied as precluded and without merit (*Id*., Exh CCC, DDD).   The court of appeals denied review of the dismissal of his original post-conviction petition  (*Id*., Exh III).

## DISCUSSION

In Ground One, Conroy argues that the police unlawfully seized and then searched his vehicle in violation of his fourth amendment rights.   The Court initially notes that Conroy failed to raise his fourth amendment claim on direct review because he was precluded from doing so by the express terms of his plea agreement.   Therefore, the claim is unexhausted.   However, the Court need not rule on the exhaustion issue because a fourth amendment claim is not cognizable in a federal habeas proceeding, as long as Conroy had a full and fair hearing in state court. *See Stone v. Powell*, 428 U.S. 465, 494 (1976).   A review of the record indicates that Conroy received such a hearing.   Although a fourth amendment claim is not reviewable in a federal habeas proceeding, the Court will review the merits of Conroy's fourth amendment claim as it relates to his claim of ineffective assistance of trial counsel.

In Ground Two, Conroy argues that counsel was ineffective by erroneously advising him that he could pursue his fourth amendment claim in a post-conviction proceeding, despite his decision to enter into a plea agreement.   Conroy argues that if he had been correctly advised that pleading guilty would waive the fourth amendment claim, he would not have accepted the plea agreement, and there is a reasonable probability that

the court of appeals would have reversed his conviction, finding that the trial court erred in denying the motion to suppress.  The Court concludes that this ground is without merit.

Conroy does not allege that the police violated his fourth amendment rights by peering inside his vehicle, or that any other constitutional protection was violated.  The officer was in a public parking lot, looking into Conroy's vehicle, conduct that any member of the general public could lawfully perform.  *See Texas v. Brown*, 460 U.S. 730, 740 (1983).  The officer testified at the evidentiary hearing that he observed evidence inside the vehicle that he suspected was contraband:  at least one police-style radio in a vehicle that did not belong to a police officer.  Conroy had no legitimate expectation of privacy regarding that "portion of the interior of an automobile which may be viewed from outside the vehicle by either inquisitive passersby or diligent police officers."  *Id*.  Thus, the view into the vehicle was not a search within the meaning of the fourth amendment.  *Id*.  In addition, police acted lawfully in seizing the vehicle, having observed contraband in plain view, and having lawfully arrived "at the spot from which the observation of the evidence is made."  *Kentucky v. King*, ___ U.S. ___, 131 S.Ct. 1849, 1858 (2011).  Once the vehicle had been lawfully seized, the subsequent search was also lawful as either an automobile search exempt from the warrant requirement, *see California v. Acevedo*, 500 U.S. 565, 580 (1991), or as a proper inventory search conducted pursuant to police department policy.  *Colorado v. Bertine*, 479 U.S. 367, 374 (1987).  Because Conroy has no valid fourth amendment claim, he cannot establish that trial counsel's erroneous advice regarding the waiver of his right to challenge that claim caused him any prejudice.

**IT IS THEREFORE RECOMMENDED** that Raymond J. Conroy's petition for writ of habeas corpus be **denied and dismissed with prejudice** (Doc. 1).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** either because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the

ruling debatable, or because Conroy has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of  Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen days within which to file a response to the objections.  Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right  to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 12th day of February, 2014.

_____
David K. Duncan
United States Magistrate Judge